CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

September 12, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Deneene King
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **TENZIN SAMPHEL,** ) | |
| ) | |
| **XIAOYU "ALICE" GU,** ) | |
| ) | |
| **CHEF CREATIVE OFFICE, INC.,** ) | |
| ) | |
| and ) | |
| ) | |
| **DESIGN NEXT AGENCY, INC.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Action No. 7:25cv00648 |
| ) | |
| **LILY QIAORONG WU,** ) | |
| ) | |
| **SHUXIANG "WILLIAM" YU,** ) | |
| ) | |
| **SHUAICHENG ZHANG,** ) | |
| ) | |
| **MOGE TEE BLACKSBURG, LLC,** ) | |
| ) | |
| and ) | |
| ) | |
| **BLACKSBURG FUSION** ) | |
| **RESTAURANTS, LLC,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

Serve:

**Lily Qiaorong Wu**
**8304 Lark Brown Rd**
**Columbia, MD 21045**

**Shuxiang "William" Yu**
**116 Oak Meadow Ln**

1

Blacksburg, VA 24060

**Shuaicheng Zhang**
**1902 Research Center Dr, Apt. 204**
**Blacksburg, VA 24060**

**Moge Tee Blacksburg, LLC**
**c/o Jimmy Yang, Registered Agent**
**220 Gilbert St, Suite 125**
**Blacksburg, VA 24060**

**Blacksburg Fusion Restaurants, LLC**
**c/o Shuxiang Yu, Registered Agent**
**220 Gilbert St, Suite 125**
**Blacksburg, VA 24060**

## COMPLAINT

Plaintiffs Tenzin Samphel, Xiaoyu "Alice" Gu, Chef Creative Office, Inc. ("CCO"), and Design Next Agency, Inc. ("DNA"), by counsel, for their Complaint against Defendants Lily Qiaorong Wu, Shuxiang "William" Yu, Shuaicheng Zhang, Moge Tee Blacksburg, LLC ("Moge Tee"), and Blacksburg Fusion Restaurants, LLC ("BFR"), state as follows:

### NATURE OF ACTION

1. This case involves claims for defamation, conspiracy, and copyright infringement. Although there are several parties in this action, the nature of the dispute is relatively straightforward.

2. CCO (owned by Plaintiffs Samphel and Gu) had separate contracts with Defendants Moge Tee (owned by Defendants Yu, Zhang, and Wu) and BFR (owned by Defendant Yu) for the design, engineering, and construction of a bubble tea shop and restaurant.

3. The bubble tea shop was to be run by Moge Tee, and the restaurant was to be run by BFR.

2

4. CCO's contractual relationships with Moge Tee and BFR eventually fell through, due to no fault of CCO's.

5. Regrettably, rather than work professionally to resolve their contractual disputes—or, at the very least, to peaceably walk away from the disputes—Defendants chose to engage in a series of unlawful actions to destroy Plaintiffs' business and reputations, including defaming (and conspiring to defame) Plaintiffs and violating CCO's rights under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. (the "Copyright Act").

6. Plaintiffs now bring this action to hold Defendants accountable for their unlawful conduct.

**PARTIES**

7. Samphel is an individual and a citizen of New York who resides in New York, New York.

8. Gu is an individual and a citizen of New York who resides in New York, New York.

9. CCO is a New York corporation with its principal place of business in New York, New York.

10. DNA is a New York corporation with its principal place of business in New York, New York.

11. Wu is an individual and a citizen of Maryland who resides in Columbia, Maryland.

12. Yu is an individual and a citizen of Virginia who resides in Blacksburg, Virginia.

13. Zhang is an individual and a citizen of Virginia who resides in Blacksburg, Virginia.

14. Moge Tee is a Virginia limited liability company with its principal place of business in Blacksburg, Virginia.

15. BFR is a Virginia limited liability company with its principal place of business in Blacksburg, Virginia.

## SUBJECT MATTER JURISDICTION

16. This Court has subject matter jurisdiction over Counts IV and V pursuant to 28 U.S.C. § 1331 because those causes of action arise under the Copyright Act.

17. This Court has supplemental jurisdiction over Counts I, II, and III pursuant to 28 U.S.C. § 1367(a).

## PERSONAL JURISDICTION

18. This Court has personal jurisdiction over Wu because she purposefully directed her tortious conduct toward Virginia, as explained more fully in this Complaint.

19. This Court has personal jurisdiction over Yu because he is a citizen of Virginia.

20. This Court has personal jurisdiction over Zhang because he is a citizen of Virginia.

21. This Court has personal jurisdiction over Moge Tee because it is a citizen of Virginia.

22. This Court has personal jurisdiction over BFR because it is a citizen of Virginia.

## VENUE

23. Venue is proper in this Court under 28 U.S.C. § 1391 because this is the district in which a substantial part of the events giving rise to Plaintiffs' claims occurred and because it is a district in which all of the Defendants are subject to this Court's personal jurisdiction.

## STATEMENT OF FACTS

*Plaintiffs' Business*

24. Samphel and Gu are husband and wife. They are also business partners who work in the field of visual and interior design, architecture, engineering, and construction.

25. CCO and DNA are two of the businesses Samphel and Gu operate.

26. Samphel and Gu have over a decade of experience in the hospitality design space, and through that time, Plaintiffs have developed sterling reputations within the communities and markets in which they operate.

27. In fact, Samphel, Gu, and DNA have won interior design awards from Interior Design Magazine, one of the largest interior design organizations in the nation.

*CCO Contracts with Moge Tee and BFR*

28. Yu learned about Gu and Samphel through a mutual friend, was impressed with the quality of Gu and Samphel's design work, and desired to work with them to design and construct Moge Tee's bubble tea shop and BFR's restaurant.

29. On or about December 21, 2022, CCO and Moge Tee entered an Engineering, Procurement, and Construction Services Agreement (the "Moge Tee Contract"). An unsigned copy of the Moge Tee contract is attached to this Complaint as **Exhibit 1**.

30. On or about December 21, 2022, CCO and BFR entered an Engineering, Procurement, and Construction Services Agreement (the "BFR Contract"). An unsigned copy of the BFR Contract is attached to this Complaint as **Exhibit 2**.

31. CCO completed approximately 80% of the work required by the Moge Tee Contract and the BFR Contract, including, but not limited to, interior, architectural, electrical, and plumbing design work as well as construction and framing work.

32. Without justification, Moge Tee and BFR unilaterally terminated their respective contracts and engaged other contractors to finish the work.

*The Defamatory Post*

33. After CCO's contractual relationships with Moge Tee and BFR fell through, Moge Tee, Yu, Wu, and Zhang plotted to destroy Plaintiffs' reputations.

34. Upon information and belief, Moge Tee, Yu, Wu, and Zhang (collectively, the "co-conspirators") agreed that Wu would make an inflammatory post about Plaintiffs on RedNote to dissuade members of the public from doing business with them and that Yu and Zhang would share the post to spread its reach.

35. The co-conspirators further agreed Wu would make the post via an anonymous account to decrease the likelihood that Plaintiffs would discover that the post originated with Moge Tee and its officers.

36. RedNote is a Chinese social media and e-commerce platform, and many of DNA and CCO's prospective clients and business partners rely on posts made on RedNote to form opinions about whether to do business with them.

37. On or about October 20, 2024, Wu followed through on the co-conspirators' plot.

38. Through an anonymous account, Wu made a public post on RedNote, which is attached as **Exhibit 3,** Wu's RedNote Post.

39. Translated to English, the content of Wu's post is as follows:

> Warning: **Scam Design & Renovation Company Design Next Agency**
>
> DNA (formerly Chef Creative Office) is run by Alice and her husband Tenzin. **They fabricate their design and renovation company background online to deceive clients. Not only do they fake or exaggerate their background and skills, but they even hire unqualified renovation teams (the last photo shows work done by one of their outsourced teams)**. For example, **they tile walls to make it look 3D** (up close it looks like frosting on a cake). **They also steal photos of other people's renovation work and claim it as their own. In addition, they buy design images on**

> **platforms like Taobao and claim they designed them themselves to mislead clients. The ultimate goal of these tactics is to lure clients into signing extremely favorable contracts for them. Once they receive payment, they do not fulfill the contract obligations. When clients try to contact them, they "disappear," not answering calls or messages. For their outsourced teams, they use withheld renovation payments as leverage, and for clients, they use all sorts of scam tactics and manipulation. They pressure clients by saying things like "the team won't pass inspection" to make them anxious and send more money. Unless it's a project in New York, Alice rarely visits the sites, instead posting social media updates. External projects are typically ignored. After the project starts, all coordination and management are dumped on the client and the outsourced team. Even their own internal staff are exploited as tools for intimidation. There are many stories from victims** — we have photos, text messages, and videos. We represent **victims** from Boston, New York, New Jersey, Florida, and Virginia. More and more **victims** are speaking out. **Half of the projects shown under "our work" on their official website have already gone under, yet they shamelessly keep posting them on Instagram and Xiaohongshu (Little Red Book) as if they were their own creations.** What's infuriating is that **any comment exposing the truth under their posts gets deleted**. We hope this post can serve as a warning. **Please help share it so more people can avoid being scammed**. We hope that as long as we don't give up, this post will keep circulating. As the saying goes, "Justice may be delayed, but it will come."

*See* Ex. 3 (emphasis added) (translated to English).

40. The highlighted portions of the post reflected in Exhibit 3—which Plaintiffs will refer to as the "Defamatory Post"—were false statements that tend to expose Plaintiffs to public contempt, hatred, ridicule, aversion, and/or disgrace.

41. Yu and Zhang publicly shared the Defamatory Post on RedNote and on WeChat instant messaging groups.

42. Wu has since deleted the Defamatory Post, and Yu and Zhang deleted their own posts that shared the Defamatory Post on RedNote.

7

43. Plaintiffs have suffered considerable, wide-ranging damages from the Defamatory Post.

44. As a general matter, the Defamatory Post has injured Plaintiffs' personal reputations, professional reputations, and standing within the communities in which they live and do business in.

45. Additionally, DNA and CCO have had numerous prospective and existing clients walk away from deals and cancel contracts with DNA and CCO, explicitly referencing the Defamatory Post in explaining their decisions to do so.

46. Worse still, Gu in particular has suffered acute mental anguish and psychological harm as a result of the Defamatory Post. The social stigma that followed the Defamatory Post caused Gu persistent and severe stress that culminated in her being formally diagnosed with bipolar disorder and as having a mental disability, which has taken a toll on her emotional wellbeing and general quality of life.

*Moge Tee and BFR Violate CCO's Copyright Rights*

47. During the course of CCO's contractual relationships with Moge Tee and BFR, CCO created two separate sets of bubble tea shop and restaurant designs.

48. One set of designs was for Moge Tee's bubble tea shop (the "Moge Tee Designs").

49. The other set of designs was for BFR's restaurant, Junzi Kitchen (the "Junzi Kitchen Designs").

50. Examples of the Moge Tee Designs and Junzi Kitchen Designs are attached to this Complaint as **Exhibits 4 and 5**, respectively.

51. Moge Tee and CCO contemplated that CCO's copyright rights to the Moge Tee Designs would transfer or dissolve only upon CCO's complete construction of Moge Tee's bubble

8

tea shop and Moge Tee's full payment for the same pursuant to the Moge Tee Contract. *See*, *e.g.*, Ex. 1, § III.3 ("With the **delivery of the Project**, Contractor also shall provide to the Project Company any and all related equipment warranties, **certified drawings** and operating instructions.") (emphasis added).

52. BFR and CCO contemplated that CCO's copyright rights to the Junzi Kitchen Designs would transfer or dissolve only upon CCO's complete construction of Junzi Kitchen and BFR's full payment for the same pursuant to the BFR Contract. *See*, *e.g.*, Ex. 2, § III.3 ("With the **delivery of the Project**, Contractor also shall provide to the Project Company any and all related equipment warranties, **certified drawings** and operating instructions.") (emphasis added).

53. However, both Moge Tee and BFR have made use of and reproduced the Moge Tee Designs and Junzi Kitchen Designs, respectively, without making full payment under their respective contracts and, consequently, without CCO's permission. *See* **Exhibit 6**, Depiction of Moge Tee's Unauthorized Use of Moge Tee Designs; **Exhibit 7**, Depiction of BFR's Unauthorized Use of Junzi Kitchen Designs.

54. As is readily observable through a simple compare and contrast, Moge Tee and BFR have used and reproduced works that are nearly identical to—or at the very least, substantially similar to—the Moge Tee Designs and Junzi Kitchen Designs. *Compare* Ex. 4, *with* Ex. 6; *compare also* Ex. 5, *with* Ex. 7.

**COUNT I**
**DEFAMATION (LIBEL)**
(*Against Wu, Yu, Zhang, and Moge Tee*)

55. Plaintiffs incorporate their allegations from all the preceding paragraphs as if fully stated in this section of the Complaint.

9

56. Wu, Yu, and Zhang, in their personal capacity and at Moge Tee's direction, published the Defamatory Post.

57. Wu, Yu, and Zhang published the Defamatory Post with the knowledge that its defamatory contents were false or with reckless disregard of whether they were false or not.

58. The defamatory contents of the Defamatory Post tend to harm Plaintiffs' reputations so as to lower Plaintiffs in the estimation of the community and deter third persons from associating or dealing with Plaintiffs, and they prejudiced Plaintiffs in their professions, business, and trades. For those reasons, the defamatory contents of the Defamatory Statement constitute libel *per se*.

59. Plaintiffs have been damaged by the defamatory contents of the Defamatory Post.

WHEREFORE, Plaintiffs, by counsel, respectfully request that this Court enter judgment against Wu, Yu, Zhang, and Moge Tee and award Plaintiffs the following relief:

(a) Actual and presumed compensatory damages in the amount of $2,000,000;

(b) Punitive damages in the amount of $2,000,000;

(c) Post-judgment interest; and

(d) Any additional relief this Court deems just and equitable.

## COUNT II
## COMMON LAW CONSPIRACY
(*Against Wu, Yu, Zhang, and Moge Tee*)

60. Plaintiffs incorporate their allegations from all the preceding paragraphs as if fully stated in this section of the Complaint.

61. As explained in paragraphs 33-42 and 55-59 above, Moge Tee, Wu, Yu, and Zhang acted in concert and conspired to defame Plaintiffs.

62. Plaintiffs have been damaged by Moge Tee, Wu, Yu, and Zhang's acts of conspiracy.

WHEREFORE, Plaintiffs, by counsel, respectfully request that this Court enter judgment against Wu, Yu, Zhang, and Moge Tee and award Plaintiffs the following relief:

(a) Actual and presumed compensatory damages in the amount of $2,000,000;

(b) Punitive damages in the amount of $2,000,000;

(c) Post-judgment interest; and

(d) Any additional relief this Court deems just and equitable.

## COUNT III
## STATUTORY BUSINESS CONSPIRACY
## VIOLATION OF CODE § 18.2-499(A)
### (*Against Wu, Yu, Zhang, and Moge Tee*)

63. Plaintiffs incorporate their allegations from all the preceding paragraphs as if fully stated in this section of the Complaint.

64. As explained in paragraphs 33-42 and 55-59 above, Moge Tee, Wu, Yu, and Zhang acted in concert and conspired to defame Plaintiffs.

65. Moge Tee, Wu, Yu, and Zhang engaged in these conspiratorial and unlawful acts willfully, maliciously, and with the intent to injure Plaintiffs in their reputation, trade, and business.

66. Moge Tee, Wu, Yu, and Zhang's conduct violated Code § 18.2-499(A).

67. Plaintiffs have been injured by Moge Tee, Wu, Yu, and Zhang's violation of Code § 18.2-499(A).

WHEREFORE, Plaintiffs, by counsel, respectfully request that this Court enter judgment against Wu, Yu, Zhang, and Moge Tee and award Plaintiffs the following relief:

(a) Actual, presumed, and treble damages in the amount of $6,000,000;

(b) Reasonable attorney fees;

(c) Post-judgment interest; and

(d) Any additional relief this Court deems just and equitable.

## COUNT IV
## COPYRIGHT INFRINGEMENT
### (*Against Moge Tee*)

68. Plaintiffs incorporate their allegations from all the preceding paragraphs as if fully stated in this section of the Complaint.

69. The Moge Tee Designs constitute "Pictorial, graphic, and sculptural works" under 17 U.S.C. § 101.

70. CCO has ownership of the Moge Tee Designs.

71. Moge Tee has unlawfully copied—and is still unlawfully copying—the Moge Tee Designs.

72. Moge Tee's copyright infringement was and is willful.

73. CCO has been damaged by Moge Tee's copyright infringement.

WHEREFORE, CCO, by counsel, respectfully requests that this Court enter judgment against Moge Tee and award CCO the following relief:

(a) Compensatory and/or statutory damages in the amount of $150,000;

(b) Pursuant to 17 U.S.C. § 502, injunctive relief that requires Moge Tee to take all steps to cease any further copying, distribution, display, or use of the Moge Tee Designs, including, but not limited to, modifying Moge Tee's interior design to an appearance that is not substantially similar to the Moge Tee Designs;

(c) Attorney fees and costs pursuant to 17 U.S.C. § 505;

(d) Post-judgment interest; and

(e) Any additional relief this Court deems just and proper.

## COUNT V
## COPYRIGHT INFRINGEMENT
### (*Against BFR*)

74. Plaintiffs incorporate their allegations from all the preceding paragraphs as if fully stated in this section of the Complaint.

75. The Junzi Kitchen Designs constitute "Pictorial, graphic, and sculptural works" under 17 U.S.C. § 101.

76. CCO has ownership of the Junzi Kitchen Designs.

77. BFR has unlawfully copied—and is still unlawfully copying—the Junzi Kitchen Designs.

78. BFR's copyright infringement was and is willful.

79. CCO has been damaged by BFR's copyright infringement.

WHEREFORE, CCO, by counsel, respectfully requests that this Court enter judgment against BFR and award CCO the following relief:

(a) Compensatory and/or statutory damages in the amount of $150,000;

(b) Pursuant to 17 U.S.C. § 502, injunctive relief that requires BFR to take all steps to cease any further copying, distribution, display, or use of the Junzi Kitchen Designs, including, but not limited to, modifying Junzi Kitchen's interior design to an appearance that is not substantially similar to the Junzi Kitchen Designs;

(c) Attorney fees and costs pursuant to 17 U.S.C. § 505;

(d) Post-judgment interest; and

(e) Any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury.

**TENZIN SAMPHEL, XIAOYU "ALICE" GU, CHEF CREATIVE OFFICE, INC., AND DESIGN NEXT AGENCY, INC.**

Respectfully submitted,

By: */s/ Nathan M. Hernandez*
         Of Counsel

Christopher D. Davis (VSB No. 74809)
Justin R. Burch (VSB No. 92135)
Nathan M. Hernandez (VSB No. 95817)
DAVIS, BURCH & ABRAMS
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
Fax: (757) 257-8614
chris.davis@davisba.com
justin.burch@davisba.com
nathan.hernandez@davisba.com